**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ROBERTO ARCE, aka Robert Arce, ) <br> aka Claudio Escajeda, ID # 1205103, ) <br>         Petitioner, ) <br> vs. ) <br> ) <br> WILLIAM STEPHENS, Director, ) <br> Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br>         Respondent. ) | | No. 3:15-CV-1816-D (BH) <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied.

**I.  BACKGROUND**

Roberto Arce (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

Petitioner challenges his convictions for aggravated robbery in cause numbers F01-50061-T and F01-50062-T in the 283rd Judicial District Court of Dallas County, Texas. (doc. 3 at 2); *see also* www.dallascounty.org/public.access.php (Dallas County criminal records).  He was placed on community supervision in July 2001, which was revoked in November 2003, and he was adjudged guilty and sentenced to 30 years. *See* www.dallascounty.org/public.access.php (Dallas County criminal records).  He then filed two direct appeals, and his convictions were affirmed by the Fifth District Court of Appeals on November 14, 2004. (doc. 3 at 3); *see Arce v. Texas*, Nos. 05-03-01724-CR and 05-03-01725-CR, 2004 WL 2580322 (Tex. App.-Dallas Nov. 15, 2004, pet ref'd.)

His petitions for discretionary review were refused at the Texas Court of Criminal Appeals on April 13, 2005. *See Arce v. State,* No. PD-1939-04 and No. PD-1940-04 (Tex. Crim. App. April 13, 2005), *available at* http://www.search.txcourts.gov/Case.aspx?cn=PD-1939-04(PD-1940-04)&coa=cosca. On July 23, 2007, Petitioner filed state applications for writ of habeas corpus with the trial court challenging each conviction, and those applications were ultimately denied without written order by the Texas Court of Criminal Appeals on the trial court's finding without a hearing on November 19, 2008. (doc. 3 at 3-4); *see Ex parte Arce,* WR-70,946-01 and WR-70,946-02 (Tex. Crim. App. November 19, 2008), *available at* http://www.sesrch.txcourts.gov/Case.aspx?cn=WR-70,946-01(WR-70,946-02)&coa=coscca&p=1. Petitioner mailed his federal petition on May 20, 2015. (doc. 3 at 10).

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

### A.   Calculation of One-Year Period

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (c) the date on which the Supreme Court initially

recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner claims that he is actually innocent, that his trial counsel was ineffective in failing to allow witnesses to testify at a pre-trial hearing and in coercing him to waive a jury trial, and that the trial court violated his right to due process of law by failing to order a competency examination. (doc. 3, at 6-7.)  Because he challenges the effectiveness of trial counsel at the time of his conviction and actions of the trial court, the federal statute of limitations began running when the trial court's judgment adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review under § 2244(d) (1)(A).

As noted, Petitioner sought discretionary review with the Texas Court of Criminal Appeals, but he did not file a petition for writ of certiorari with the United States Supreme Court after his petitions for discretionary review were denied by the Court of Criminal Appeals. His state conviction became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the PDRs. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.1. The petitions for discretionary review were refused on April 13, 2005, so his state convictions became final ninety days later, on July 12,

3

2005. Petitioner filed his § 2254 petition on May 20, 2015,[1] almost nine years after his convictions became final in 2005. A literal application of § 2244(d)(1)(A) therefore renders his § 2254 petition untimely.

Petitioner argues that he is entitled to a different limitations calculation date because "the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed is the applicant was prevented from filing by such State action." (doc. 3, at 9, ¶ 26.) This statement is merely a recitation of the language of § 2244(d)(1)(B). He does not allege any facts that would actually make this provision applicable. All of Petitioner's grounds relate to actions that took place before and during his conviction process. His argument that he is entitled to a different calculation date under § 2244(d)(1)(B) is without merit.

**B.** **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file his state writ applications until July 23, 2007, after the one-year limitations period had expired in July 2006. An application filed in state court after the limitations period has expired does not statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The statutory tolling provision does not save his petition.

**C.** **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate

---

[1] Petitioner swore that he placed the document in the prison mail system on May 20, 2015, so it is deemed filed on that date under the "mailbox rule". *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (pro se prisoner's habeas corpus petition is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court).

4

exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

      Here, Petitioner presents no argument or evidence that he was prevented from filing his federal petition raising the challenges to his conviction. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and this petition for writ of habeas corpus is barred by the statute of limitations.

**D.     Actual Innocence**

Petitioner asserts that he is actually innocent of the charges of aggravated robbery. (doc. 3 at 6-7.)  In *McQuiggin v. Perkins*, ––U.S. ––, 133 S. Ct. 1924, 1928–31 (2013), the Supreme Court held that a plea of actual innocence could overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar, even in circumstances where equitable tolling is not appropriate because a petitioner has not exercised due diligence in pursuing his claim. In order to be entitled to this exception, however, a federal habeas petitioner must present a tenable claim of actual innocence that persuades the court that it is more likely than not that no rational fact-finder would have found him guilty beyond a reasonable doubt in light of the new evidence. *Id.* at 1928, 1934-35.  The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id.* at 1935–36.

Here, Petitioner has not presented a credible claim of actual innocence based on newly discovered evidence. He has presented no "new evidence", arguing only that the grounds he raises in the petition show he is actually innocent.  For example, he claims:

> Petitioner is innocent at this time because he never commit these aggravated robberies [sic] he not carrying not weapon [sic] petitioner claimed this is a wrongfully conviction because he is a victim and he received ineffective assistance of counsel.

(doc. 3, at 6.)  He has not shown that "no reasonable juror would have convicted him in the light of the new evidence." *Perkins*, 133 S. Ct. at 1935 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). He has not overcome the statute of limitations, and his federal petition is time-barred.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SO ORDERED this 19th day of June, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE